Richard Sauerhaft, Respondent, against
against
Dori Mathe, Appellant. Lower Court # 15070200 Dori Mathe, Appellant, Richard Sauerhaft, Respondent. Lower Court # 15070142




Shaub, Ahmuty, Citrin & Spratt, LLP (Steven J. Ahmuty, Jr., Esq.), for appellant.
Freeman Lewis, LLP (Robert Y. Lewis, Esq.), for respondent.

Appeal from an order of the Justice Court of the Town of Eastchester, Westchester County (Janet M. Calano, J.), dated November 13, 2015. The order, after a hearing of two jointly heard proceedings, granted a petition by Richard Sauerhaft to have Dori Mathe's dog, Watson, declared a dangerous dog under Agriculture and Markets Law § 123, and implicitly denied a petition by Dori Mathe to have Richard Sauerhaft's dog, Springstein, declared a dangerous dog under Agriculture and Markets Law § 123.




ORDERED that the order is modified by vacating the provision granting Richard Sauerhaft's petition to declare Watson a dangerous dog, and that proceeding is remitted to the Justice Court for a new hearing; as so modified, the order is affirmed, without costs.
Richard Sauerhaft filed a petition seeking to declare Dori Mathe's dog, Watson, a [*2]dangerous dog. Mathe filed a separate petition seeking to declare Sauerhaft's dog, Springstein, a dangerous dog.
At a joint dangerous dog hearing held pursuant to Agriculture and Markets Law § 123, the evidence showed that, on July 2, 2015, Richard Sauerhaft and his dog, Springstein, arrived at a local dog park, where Dori Mathe and her dog, Watson, were playing. Neither dog was leashed. Sauerhaft testified that he was facing Springstein, who was four feet away from him, when he saw a "blur" pass in front of him and then observed Watson, who had been about 20 to 40 feet away, sink his teeth into Springstein's neck. When Mathe stepped in to separate her dog from Springstein, she sustained a bite to her arm. Mathe and her witness offered testimony contradicting Sauerhaft's testimony concerning the incident, asserting that Springstein had attacked Watson. Following the hearing, the Justice Court, finding that there was no proof of justification for Watson's attack upon Springstein, granted Sauerhaft's petition and declared Watson to be a dangerous dog under Agriculture and Markets Law § 123 and implicitly denied Mathe's petition to declare Springstein a dangerous dog.
In the proceeding brought by Sauerhaft, the court's order declaring Watson to be a dangerous dog impermissibly shifted the burden of proof to Mathe since it was Sauerhaft's burden, as petitioner, to establish that the attack on his dog was without justification (see Agriculture and Markets Law §§ 108 [24] [a]; 123; Matter of People of the State of NY v Shanks, 105 AD3d 1103, 1104 [2013]). Consequently, so much of the order as declared Watson a dangerous dog must be vacated and a new hearing held.
As to the proceeding commenced by Mathe against Sauerhaft, we find, giving appropriate regard to the credibility determinations of the Justice Court (see Brown v Berman, 96 AD3d 894 [2012]), that Mathe had not established by clear and convincing evidence that Springstein was a dangerous dog.
Accordingly, the order is modified by vacating the provision granting Richard Sauerhaft's petition to declare Watson to be a dangerous dog, and that proceeding is remitted to the Justice Court for a new hearing.
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017